UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH EDWARDS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:17-CV-0171-G |
| STATE FARM LLOYDS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendant Donald Gary Hodge ("Hodge") to dismiss for improper joinder (docket entry 9) and of the plaintiff Joseph Edwards, Jr. ("Edwards") to remand this case to the state court from which it was previously removed (docket entry 15). For the reasons stated below, the motion to remand is granted, and the motion to dismiss is denied.

I. BACKGROUND

This case arises from the alleged mishandling of Edwards's insurance claim for damage to the roof of his house located at 3909 Pleasant Valley Road, Sachse, Texas, 75048, caused by a storm on April 20, 2016. *See* Plaintiff's Original Petition and

Motion to Compel Mediation ("Petition") ¶¶ 10, 12, *attached to* Defendant State Farm Lloyds' Notice of Removal ("Notice") as Exhibit D (docket entry 1). Following the storm, Edwards filed an insurance claim under a property insurance policy (the "policy") issued by the defendant State Farm Lloyds ("State Farm"). *Id.* ¶ 12. State Farm assigned Hodge, an adjuster, to investigate, inspect, and prepare a report on the claim. See generally *id.*

Edwards asserts that Hodge improperly adjusted the claim on the damaged property through "numerous errors[.]" *Id.* ¶ 13. Hodge allegedly failed to report all of the damage he observed during the inspection and "grossly undervalued" the damages. *Id.* Edwards further alleges that Hodge's misrepresentations led State Farm to underpay on the insurance claim, including a refusal to pay to repair half of Edwards's roof. Petition ¶¶ 13, 14, 28.

On August 8, 2016, Edwards filed this suit against State Farm, an Illinois citizen, and Hodge, a Texas citizen, in the 191st Judicial District Court of Dallas County, Texas, to recover damages resulting from the mishandling of his insurance claim and for unfair settlement practices. See generally *id.*, Notice. On January 19, 2017, State Farm removed the case to this court based on diversity of citizenship, arguing that Edwards, a Texas citizen, improperly joined Hodge to defeat diversity jurisdiction. *See* Notice ¶ 11. On February 16, 2017, Edwards moved to remand this case to the state court, arguing that removal was improper because the parties lack

complete diversity of citizenship. *See* Plaintiff's Opposed Motion to Remand ("Motion to Remand") at 5 (docket entry 15).

State Farm does not dispute that the amount in controversy exceeds $75,000. *See* Notice ¶ 15. Therefore, the only issue before the court is whether Hodge was properly joined as a defendant.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The

party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendant has alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶ 8. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, both Edwards and Hodge are citizens of Texas. *See* Petition ¶¶ 2, 4; Notice at 3. However, State Farm contends that removal is proper because Hodge was improperly joined in this suit. Notice ¶ 11.

### 2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544 U.S. 992 (2005)).

Only the latter ground is at issue here. To satisfy the second ground for improper joinder, a defendant must demonstrate that "there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (emphasis added).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)). Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper. *Smallwood*, 385 F.3d at 574. This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The court can only deny the plaintiff's motion for remand if, as a matter of law, there is

absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendant cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, "[a] federal court must apply the federal pleading standard." *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

3.  *Pleading Standard under Federal Law*

FED. R. CIV. P. 8(a)(2) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).  Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021

(5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

4. *Liability under Texas Insurance Code*

Edwards contends that Hodge, an individual adjuster, violated multiple subsections of § 541.060 of the Texas Insurance Code ("§ 541.060"), as Hodge's conduct constituted unfair settlement practices. *See* Petition ¶¶ 26-33. Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code, *see* TEX. INS. CODE § 541.002(2), and the Texas Supreme Court has "specifically held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Centaurus Unity v. Lexington Insurance Company*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (Lake, J.) (quoting *Vail v. Texas Farm Bureau Mutual Insurance Company*, 754 S.W.2d 129, 132 (Tex. 1998)) (other citation omitted). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance and is subject to the Texas Insurance Code. *Id.* (citing *Gasch v. Hartford Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007)). Moreover, the Fifth Circuit has held that independent adjusters may be found liable. *Id.* (collecting cases holding that individual adjusters are subject to the Texas Insurance Code).

## B. Application of Law to the Present Dispute

Because Texas law recognizes claims against adjusters like Hodge in their individual capacities, the relevant inquiry is whether Edwards has properly stated a claim against Hodge for his conduct as an individual adjuster. In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Hodge, the non-diverse, in-state defendant, for violations of Chapter 541 of the Texas Insurance Code. See *Smallwood*, 385 F.3d at 573.

The court finds that Edwards has pleaded a potentially valid claim for relief against Hodge under the Texas Insurance Code. Edwards's petition identifies Hodge as the insurance adjuster and specifically alleges that he violated § 541.060. By alleging that Hodge performed specific acts, including conducting a substandard investigation, failing to include in his report all of the damages noted during his inspection, and undervaluing the damages he observed during the inspection, all of which led to the underpayment of Edwards's claim and an inequitable evaluation of Edwards's losses, Edwards has sufficiently stated his claim that Hodge misrepresented the amount of damage to his property, a material fact related to the coverage at issue. Furthermore, the allegations clearly distinguish between Hodge and State Farm, leaving no question that Hodge, rather than State Farm, allegedly performed these acts.

Because Edwards has asserted a potentially valid claim against Hodge, Hodge has been properly joined. Hodge's status as a Texas citizen for purposes of 28 U.S.C. § 1332 destroys diversity jurisdiction and therefore requires the court to remand the action. *See* 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **DENIED**, and the plaintiff's motion to remand is **GRANTED**. Accordingly, this case is **REMANDED** to the **191st Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

August 14, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**